1

2

3

4

5

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON

6

7

8  **DAVID T. GILCHRIST**
            Plaintiff

9  vs.

10 **PATENAUDE & FELIX, A.P.C. (Main Branch)**
   **PATENAUDE & FELIX, A.P.C. (Washington)**
11 **MATTHEW CHEUNG, ESQ.**
   **RAYMOND PATENAUDE (Partner Owner)**
12 **PATRICK J. FELIX (Partner Attorney)**
            Defendant
13

Case #_____

**CIVILCOMPLAINT**

JURY TRIAL DEMANDED

14

**VERIFIED COMPLAINT**

15

   Plaintiff, David T. Gilchrist, sues Defendant, Patenaude & Felix, A.P.C. (Main Branch),

16

Patenaude & Felix, A.P.C. (Washington Branch), Matthew Cheung, Esq., Raymond Patenaude

17

(Partner/Owner), and Patrick J. Felix (Partner/Attorney); and alleges:

18

**PRELIMINARY STATEMENT**

19

   1. This is an action for damages brought for violations of the Fair Credit Reporting Act (FCRA)

20

21  Verified Complaint
    Page 1 of 19

                                                                    David T. Gilchrist
                                                                    457 21st Ave
                                                                    Longview, WA 98632
                                                                    (360) 751-1198 (360) 423-1196
22                                                                  Email: mortetyranni1776@hotmail.com

15 U.S.C. § 1681 *et seq.*, the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §1692 *et seq.*, the Telephone Consumer Protection Act (TCPA) 47 U.S.C. §227(b)(1)(A)(iii).

**JURISDICTION AND VENUE**

2. This court has jurisdiction under 15 U.S.C. § 1681p, 15 U.S.C. §1692k(d), 47 U.S.C. §227(b)(3), 28 U.S.C. § 1331.

3. The occurrences which give rise to this action occurred in Cowlitz County, Washington and Plaintiff resides in Cowlitz County, Washington.

4. Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391b.

5. All conditions precedent to the bringing of this action have been performed in Cowlitz County, Washington.

**PARTIES**

6. The Plaintiff in this lawsuit is David T. Gilchrist, a natural person, who resides in Cowlitz County, Washington with an address of 457 21st Ave, Longview, WA 98632.

7. Patenaude & Felix, A.P.C. (Main Branch) (hereinafter PFMB), is a debt collector whose business formed in 1991 and maintains offices in Arizona, California, Nevada, Oregon, Pennsylvania, and Washington. Upon information and belief, its headquarters is located at 4545 Murphy Canyon Road, 3rd Fl., San Diego, CA 92123. Upon information and belief, the registered agent for PFMB is Defendant Matthew Cheung, Esq., whose address is 2200 6th Ave Suite 790, Seattle, WA 98121. Upon information and belief, PFMB is a California Corporation engaged in the business of collecting debts. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another. Defendant is engaged in the collection of debts from consumers using the mail and telephone.

Verified Complaint
Page 2 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Upon information and belief PFMB is registered with the Secretary of State of Washington to do business in Washington collecting consumer debts as its primary function.

8. Patenaude & Felix, A.P.C. (Washington) (hereinafter PFW), is a corporate branch office of PFMB which functions in the same capacity as the main branch, collecting debts and litigating against consumers on behalf of PFMB in the State of Washington who owe alleged debts. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another. Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Upon information and belief, PFW is located at 2200 6th Ave Suite 790, Seattle, WA 98121. Upon information and belief, PFW is registered with the Secretary of State of Washington to do business in Washington collecting consumer debts as its primary function.

9. Matthew Cheung, Esq.(hereinafter Mr. Cheung) is an employed attorney for PFMB who's principle business is debt collection and litigating against consumers on behalf of PFMB. Mr. Cheung manages the Washington State branch, PFW, and is the registered agent in Washington State for the main branch, PFMB. Upon information and belief, Mr. Cheung's business address is located at 2200 6th Ave Suite 790, Seattle, WA 98121. Upon information and belief, Mr. Cheung is a licensed attorney in the State of Washington and is registered with the Secretary of State of Washington to do business in Washington collecting consumer debts as his primary function. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another. Defendant is engaged in

Verified Complaint
Page 3 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

the collection of debts from consumers using the mail and telephone. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

10. Raymond Patenaude (hereinafter Mr. Patenaude) is partner/owner of PFMB. Mr. Patenaude shares in the oversight and responsibility of its branch offices and contracting attorneys for all its debt collection practices and activities authorized by his company. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another. Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Upon information and belief, Mr. Patenaude's business headquarters is located at 4545 Murphy Canyon Road, 3rd Fl., San Diego, CA 92123.

11. Patrick J. Felix (hereinafter Mr. Felix) is partner/attorney of PFMB. Mr. Felix assists in the oversight of PFMB and shares in the responsibility of PFMB's debt collection practices, its branch offices and contracting attorneys. The principal purpose of Defendant is the collection of debts in this state and Defendant regularly attempts to collect debts alleged to be due another. Defendant is engaged in the collection of debts from consumers using the mail and telephone. The Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6). Upon information and belief, Mr. Felix's business headquarters is located at 4545 Murphy Canyon Road, 3rd Fl., San Diego, CA 92123.

**FACTUAL ALLEGATIONS**

12. Sometime between January 2013 to April 2013, or there about, First National Bank of Omaha (hereinafter FNBO) sold a debt to Brumbaugh & Quandahl, PC or retained the law firm Brumbaugh & Quandahl, PC, a debt collector, to begin collections on Plaintiff's alleged account

Verified Complaint
Page 4 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

with FNBO.

13. Brumbaugh & Quandahl, PC has an address of 4885 S. 118th St. Suite 100, Omaha, NE 68137 and their phone number is 800.887.4747.

14. The law firm Brumbaugh & Quandahl, PC stated to Plaintiff that they were not registered to do business in Washington, and as such, retained PFMB to dun the Plaintiff, which PFMB did through Mr. Cheung via PFW.

15. On or around April 24, 2013 Plaintiff received a letter from Defendant Mr. Cheung advising the Plaintiff that his account had been <u>assigned</u> to "this firm" to initiate collection efforts. [See Exhibit A]

16. The phrase, "this firm" in ¶ 15 indicates that the letter is from the law offices of Patenaude & Felix, A.P.C. (Main Branch). The letter lists PFMB and 4 other branch offices on the letter head.

17. The April 24, 2013 letter gave the FDCPA's required "mini-miranda" stating that the letter was an attempt to collect a debt and that the communication was from a debt collector. [See Exhibit A]

18. Defendant Cheung is an attorney employed with PFMB and is licensed to practice law in Washington State. [See Exhibit Q, ¶ 1.4]

19. Defendant Cheung, as an employee of PFMB and in furtherance of the legitimate business interest of PFMB and its partners, Mr. Patenuade and Mr. Felix, attempted to collect an alleged debt from the Plaintiff in the name of PFMB through its Washington branch office, PFW.

20. Based on the foregoing, Plaintiff alleges that the April 24, 2013 letter implicates Defendants PFMB, Mr. Patenaude, Mr. Felix, Mr. Cheung, and PFW as debt collectors attempting to collect a debt on the Plaintiff.

Verified Complaint
Page 5 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

21. On May 8, 2013 at 5:19 pm Plaintiff received a call on his cell phone from PFMB attempting to collect a debt.

22. Around this same time period Plaintiff received a second call on his cell phone from PFMB attempting to collect a debt.

23. On May 10, 2013, Plaintiff sent a letter disputing the April 24, 2013 letter by the Defendants and demanding validation of the alleged account. [See Exhibit B]

24. Around the end of September 2013, Plaintiff received a copy of his Experian credit report.

25. The Plaintiff's Experian credit report showed one credit inquiry by PFMB on 04/22/2013.

26. On October 11, 2013 Plaintiff sent a letter to Defendant PFMB requesting PFMB to remove the inquiries from Plaintiff's credit report and show Plaintiff proof of any authorization from Plaintiff. [See Exhibit C]

27. Plaintiff received two letters dated October 15, 2013 from PFMB, undersigned by Mr. Cheung, attempting to collect a debt. One letter was sent from the Seattle office and the other larger envelope was sent from the San Diego Main Branch. [See Exhibit D & E]

28. The October 15, 2013 letters came with the "client's" "documentation" regarding the Plaintiffs alleged account.

29. The Defendants "client" is alleged to be FNBO.

30. The foregoing "documentation" regarding Plaintiff's alleged account were copies of statements allegedly from the "client" in an attempt to validate the Plaintiff's alleged debt.

31. Plaintiff alleges that Validation means: To prove, circumstantiate that you are the owners of the debt and have a right to bring an action.

32. Plaintiffs alleges that Verification means: That the facts stated are true and correct.

Verified Complaint
Page 6 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

33. Section 809 of the FDCPA states that upon the consumers request within 30 days, the debt collector must stop collection until verification is sent to the consumer.

34. Plaintiff alleges the following: "A copy of the consumer credit contract is not sufficient to validate the debt. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account."

35. Defendants never produced a copy of the consumer credit contract to Plaintiff to verify the debt.

36. Defendants never produced any assignment from the alleged creditor, FNBO, to the Plaintiff verifying the alleged debt and that PFMB has agency to collect on the Plaintiff's alleged debt.

37. Plaintiff alleges that the copies of statements sent to the Plaintiff as a validation of the alleged debt does not constitute proper validation of the Plaintiff's alleged account.

38. Plaintiff alleges that PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix's October 15, 2013 letters violated 15 U.S.C. 1692g(B) – Collector must cease collection efforts until debt is validated.

39. On December 6, 2013 Plaintiff was served with a summons and complaint by a process server by order of PFMB through their employed attorney, Mr. Cheung, allegedly on behalf of FNBO. [See Exhibits F & J]

40. The Cowlitz County Superior Court case information cover sheet for case number # 14 2 00156 9 (FNBO's Complaint against the Plaintiff) is marked as a "Third Party Collection" action. [See pg 1 of Exhibit H]

41. Under the Cowlitz County Superior Court case information cover sheet definitions, "Third Party Collection" means: A complaint involving a third party over a monetary dispute where no

Verified Complaint
Page 7 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

contract is involved. [See pg 2, first row of Exhibit H]

42. Plaintiffs were confused as to why FNBO, the alleged creditor and through their attorney, Mr. Cheung, would sue the Plaintiff as a "Third Party Collection" effort.

43. Based on all the foregoing, Plaintiff alleges that Defendants had no "Agency Status" with the alleged creditor FNBO in that there was no proper assignment from FNBO to PFMB to collect or take legal action against Plaintiff.

44. The summons and Complaint served upon the Plaintiff on December 6, 2013 had an improper affidavit attached. [See Exhibit J & K]

45. Federal Rules of Evidence Rule 602 states:

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter..."

46. Plaintiff alleges that personal knowledge cannot be acquired from another's personal knowledge and that the phrase, "acquired first hand knowledge", as stated in the attached affidavit of FNBO's Complaint against Plaintiff in Cowlitz County Superior Court, is deceptive and misleading and therefore does not meet the standard of an affidavit as required by the Federal Rules of Evidence. [See Exhibit K ¶ 1]

47. FNBO's affiants' testimony in the attached affidavit did not claim first hand knowledge of the Plaintiffs stated account. [See Exhibit K]

48. The Complaint referred to in ¶ 44, signed by Mr. Cheung as attorney of PFW in furtherance of a legitimate business interest of PFMB and its partners Mr. Patenaude and Mr. Felix, allegedly representing FNBO, had not been filed with the court prior to service on the Plaintiff on December 6, 2013.

Verified Complaint
Page 8 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

49. The summons that was served on the Plaintiff states in part:

> "You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the Plaintiff. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court or the service on you of this Summons and Complaint will be void." [See pg 2, ¶ 2, Exhibit F]

50. On December 19, 2013 Plaintiff sent a certified letter, return receipt, demanding that Mr. Cheung file the Complaint with the court. [See Exhibit G]

51. During this same time Plaintiff contacted the legal department of FNBO by phone and asked if they knew about the present lawsuit initiated by Mr. Cheung of PFW and PFMB against Plaintiff.

52. Plaintiff was told by First National Bank of Omaha's legal department that they knew of no such action by PFMB.

53. Plaintiff received the certified return receipt green card indicating that the law office PFW received Plaintiff's demand letter and was signed for by Amanda K. Clapper on December 23, 2013. [See pg 2 of Exhibit G]

54. Plaintiff alleges that the 14 day window for Mr. Cheung to have filed the lawsuit with the Court would have been approximately around January 9, 2014, giving room for the holidays.

55. Plaintiff contacted the Court on or around January 10, 2014 to see if Mr. Cheung had filed the lawsuit and was told by the clerk of the Court that nothing had been filed against Plaintiff.

56. On February 18, 2014, Mr. Cheung of PFW, filed the foregoing Complaint with the court and motioned for a Default Judgment on the Plaintiff allegedly on behalf of FNBO.

57. In the motion for Default Judgment, Mr. Cheung stated in ¶ 3 that the Plaintiff "failed to file an

Verified Complaint
Page 9 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

appearance/answer or otherwise defend, in accordance with Civil Rules 55 within the time permitted by law. [See ¶ 3 of Exhibit I]

58. Civil Rule 55(a)(1) states in part:

> "Motion. When a party against whom a judgment for affirmation relief is sought has failed to appear, plead, <u>or otherwise defend as provided by these rules</u> and that fact is made to appear by motion and affidavit, a motion for default may be made."

59. Plaintiff did defend himself as provided by the Civil Rules of the Superior Court of Cowlitz County when he wrote his demand letter to Defendant demanding that they file the Complaint with the court within 14 days of being served with the demand letter.

60. Defendant Mr. Cheung, as attorney of PFW in furtherance of a legitimate business interest of PFMB and its partners Mr. Patenaude and Mr. Felix, violated his oath as an officer of the court when stating under penalty of perjury of the laws of the State of Washington that the Plaintiff made no defense as provided by Civil Rules of the Superior Court of Cowlitz County.

61. On February 18, 2014 Defendant Mr. Cheung, as attorney of PFW in furtherance of a legitimate business interest of PFMB and its partners Mr. Patenaude and Mr. Felix, motioned the Superior Court of Cowlitz County, using false and misleading documents, to obtain a default judgment on the Plaintiff when Defendant Mr. Cheung had full knowledge that his motion was improper because Mr. Cheung did not properly file the complaint within the 14 days demanded by the Plaintiff. [See Exhibit I]

62. On February 19, 2014, an Order of Default Judgment against Plaintiff was granted to Mr. Cheung allegedly representing First National Bank of Omaha. [See Exhibit L]

63. Based on the foregoing, Plaintiff alleges that attorney Mr. Cheung perjured himself and engaged

Verified Complaint  
Page 10 of 19

David T. Gilchrist  
457 21st Ave  
Longview, WA 98632  
(360) 751-1198 (360) 423-1196  
Email: mortetyranni1776@hotmail.com

in moral turpitude by committing fraud upon the court in order to deceive the court to obtain a default judgment on the Plaintiff.

64. Plaintiff alleges that Mr. Cheung, as attorney of PFW <u>in furtherance of a legitimate business interest of PFMB and its partners Mr. Patenaude and Mr. Felix</u>, filed false and misleading documents in the Superior Court of Cowlitz County expecting the court and other persons to rely on them in order to obtain a default judgment in which money, property, or rights would be surrendered by the Plaintiff, thus violating the following;

> 15 U.S.C. § 1692e – Any other false, deceptive, or misleading representation or means in connection with the debt collection.
>
> 15 U.S.C. § 1692e(2) – May not falsely represent the character, amount, or legal status of a debt.
>
> 15 U.S.C. § 1692f – Any unfair or unconscionable means to collect or attempt to collect the alleged debt.
>
> 15 U.S.C. § 1692f(1) – Any attempt to collect any amount not authorized by the agreement creating the debt or permitted by law.

65. On February 26, 2014 another letter by Defendants Mr. Cheung and PFW with a letter head implicating Defendants PFMB and its partners, Mr. Patenaude and Mr. Felix, stated that a judgment had been entered against the Plaintiff. The same letter was also attempting to collect a debt. [See Exhibit M]

66. As a result of the acts alleged above, Plaintiff suffered embarrassment and indignation.

67. Between March 6, 2014 and May 7, 2014 Plaintiff set up 3 separate court hearings in which Plaintiff motioned the Court to vacate the Default Judgment because the service of summons

David T. Gilchrist  
457 21st Ave  
Longview, WA 98632  
(360) 751-1198 (360) 423-1196  
Email: mortetyranni1776@hotmail.com

and complaint on Plaintiff was void.

68. All 3 court hearings that the Plaintiff scheduled and properly served on Mr. Cheung, Mr. Cheung never filed any pleadings or evidence as a defense, nor made an appearance to show cause why the default judgment against the Plaintiff should not be vacated.

69. During these scheduled hearings Plaintiff tried to make phone contact with Mr. Cheung on at least two occasions and left messages asking for a return call to discuss the case in hopes of settling.

70. While Plaintiff was attempting to contact and amicably settle with Mr. Cheung, and while the Plaintiff had served Mr. Cheung on at least 2 separate times to show cause and appear at the scheduled hearings, Mr. Cheung, on April 8, 2014, permitted Amanda K. Clapper go to the Cowlitz County Superior Court and file an Application For Writ of Garnishment and a Notice to Federal Government Garnishee.

71. Plaintiff alleges that Defendant's failure to show cause on 3 separate occasions, while at the same time attempting to garnish the Plaintiff's wages, shows incompetence and/or willful intent to violate the Model Rules of Professional Conduct of the American Bar Association Rule 8.4(c).

72. On May 7, 2014 Plaintiff's Default Judgment was vacated for Mr. Cheung's failure to file within the 14 days of the Plaintiff's demand letter. [See Exhibit N]

73. As a result of the foregoing acts, Plaintiff suffered court costs and loss of overtime at work in order to work on court pleadings and to appear at court hearings.

74. Sometime around the second week of May 2014, Plaintiff received another copy of his Experian credit report.

Verified Complaint  
Page 12 of 19

David T. Gilchrist  
457 21st Ave  
Longview, WA 98632  
(360) 751-1198 (360) 423-1196  
Email: mortetyranni1776@hotmail.com

75. The Plaintiff's Experian credit report showed a second credit inquiry by PFMB on 04/04/2014.

76. On or around May 9, 2014, Plaintiff sent each of the Defendants a Notice of Pending Lawsuit letter indicating the violations alleged and wishing to amicably settle the dispute.

77. Non of the Defendants responded to Plaintiff's Notice of a Pending Federal Lawsuit or to Plaintiff's multiple calls to all parties indicating a desire to amicably settle the dispute before filing suit.

78. On July 5, 2014, long after being properly served 3 separate times for a Show Cause Order and long after repeated phone calls, and after being notified in writing that a pending federal lawsuit is about to be filed against them and attaching with that the signed Order to vacate Plaintiff's default judgment from Judge Marilyn Haan, Defendant Mr. Cheung, as attorney of PFW in furtherance of a legitimate business interest of PFMB and its partners Mr. Patenaude and Mr. Felix, reported false information on Plaintiff's Experian credit report by reporting a judgment in favor of FNBO when that judgment had already been vacated. [See Exhibit R]

## COUNT I
### VIOLATION OF FAIR CREDIT REPORTING ACT (FCRA) 15 U.S.C. § 1681 BY DEFENDANTS PFMB

79. Paragraphs 1 through 78 are re-alleged as though fully set forth herein.

80. Defendant PFMB violated the FCRA section 15 U.S.C. § 1681b.

81. Plaintiff is a consumer within the meaning of §1681a(c).

82. Experian is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. §1681a(f).

83. Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

84. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain

Verified Complaint
Page 13 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

a consumer credit report.

85. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

86. Plaintiff has never had any business dealing or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from, nor had any credit transactions with Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude or Mr. Felix.

87. At no time did Plaintiff give his consent for Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, or Mr. Felix to acquire his consumer credit report from any credit reporting agency.

88. On April 22, 2013 PFMB obtained Plaintiff's credit report from Experian. PFMB used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

89. On April 4, 2014 PFMB obtained Plaintiff's credit report from Experian. PFMB used or obtained Plaintiff's consumer report for an impermissible purpose and did not certify the purpose through a general or specific certification.

90. The actions of Defendant PFMB obtaining the consumer credit reports of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

WHEREFORE, Plaintiff demands judgment for damages against Defendant PFMB for statutory damages of $1000.00 per violation, pursuant to 15 U.S.C. § 1681n, attorneys fees and court costs, and grant such other and further relief as the court deems just and proper under the circumstances.

Verified Complaint
Page 14 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

COUNT II
**VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA) 15 U.S.C. §1692 BY DEFENDANTS PFMB, PFW, MR. CHEUNG, MR. PATENAUDE AND MR. FELIX**

91. Paragraphs 1 through 90 are re-alleged as though fully set forth herein.

92. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3)

93. Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude and Mr. Felix are debt collectors within the meaning of the FDCPA, 15 U.S.C. §1692a(6)

94. Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude and Mr. Felix violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated 15 U.S.C. § 1692e(10) by using a deceptive means to collect a debt or obtain information about a consumer when Defendants obtained Plaintiff's consumer credit report on April 4, 2014.

(b) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated 15 U.S.C. § 1692e by using a false, deceptive, or misleading representation or means in connection with the debt collection when Defendants knew that the attached affidavit to the Complaint was a false affidavit in that the affiant Daniel Dunn did not have personal first hand knowledge of Plaintiff's account and the business records allegedly maintained by First National Bank of Omaha.

(c) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated 15 U.S.C. § 1692e(2) the character, amount, or <u>legal status</u> of the alleged debt when the Defendants never produced any assignment from the alleged creditor, FNBO, verifying the alleged debt and that PFMB has agency to collect on the Plaintiff's alleged debt.

(d) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated

Verified Complaint
Page 15 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt when Defendants motioned the court for a default judgment against Plaintiff knowing full well that the service of process was void.

(e) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated 15 U.S.C. § 1692f when they committed fraud upon the court with false and misleading statements and an improper affidavit in order to get a judgment on the Plaintiff for money and/or property.

(f) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated 15 U.S.C. § 1692f(1) by obtaining a wrongful judgment on the Plaintiff for an amount not authorized by the agreement because there was no alleged agreement or contract.

(g) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated 15 U.S.C. § 1692g(B) by continuing to collect on an alleged debt after the alleged debt had been disputed and a demand for validation was made and the alleged debt was not properly validated or verified.

(h) Defendants PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix violated 15 U.S.C. § 1692f, 15 U.S.C. § 1692g(B) and 15 U.S.C. § 1692d by reporting falsely that the Plaintiff has a judgment against him in favor of FNBO. By this unfair and deceptive act the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff.

WHEREFORE, Plaintiff demands judgment for statutory damages of $1000.00, payable by each Defendant, PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix, pursuant to 15 U.S.C. § 1692k together with any attorney's fees and such other and further relief as the Court may

Verified Complaint
Page 16 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

deem reasonable and just under the circumstances.

WHEREFORE, Plaintiff demands judgment for punitive damages of $1000.00 for unnecessary embarrassment, indignation, and lost overtime pay, payable by each Defendant, PFMB, PFW, Mr. Cheung, Mr. Patenaude, and Mr. Felix, pursuant to 15 U.S.C. § 1692k together with any attorney's fees and such other and further relief as the Court may deem reasonable and just under the circumstances.

### COUNT III
### VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. 227(b)(A)(iii) BY DEFENDANTS PFMB, PFW, MR. CHEUNG, MR. PATENAUDE AND MR. FELIX

95. Plaintiff re-alleges and restates all the foregoing allegations and jurisdictional allegations.

96. Plaintiff received two calls on his cell phone from PFMB attempting to collect a debt on and around May 8, 2013.

97. Defendant violated the TCPA 47 USC § 227(b)(A)(iii) when Defendant called Plaintiff's cell phone using an A.T.D.S (Automated Telephone Dialing System) or a phone system that has the capability to function as an A.T.D.S..

98. Plaintiff has never given Defendant "Express Consent" to call plaintiff's cell phone.

99. 47 U.S.C. 227(b)(A)(iii) states:

(b) **RESTRICTIONS ON THE USE OF AUTOMATED TELEPHONE EQUIPMENT.**

**(1) PROHIBITIONS.**—It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—

(A) to make any call (<u>other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice</u>—

Verified Complaint
Page 17 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

**(iii)** to any telephone number assigned to a paging service, **cellular telephone service**, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

WHEREFORE, Plaintiff demands judgment for damages against PFMB for statutory damages of $500 per call, payable by Defendant, pursuant to 47 U.S.C. §227(b)(3)(B), court costs, and grant such other and further relief as the Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 9th day of July, 2014

*/s/ David T. Gilchrist*

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

Verified Complaint
Page 18 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

## VERIFICATION OF COMPLAINT

I, David T. Gilchrist, hereby declare as follows:

I am the Plaintiff in the above-captioned matter and all the above statements are true to the best of my knowledge. I understand that a false statement in this Verified Complaint may subject me to penalties of perjury.

Respectfully submitted this 9th day of July, 2014

*/s/ David T. Gilchrist*

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com

Verified Complaint
Page 19 of 19

David T. Gilchrist
457 21st Ave
Longview, WA 98632
(360) 751-1198 (360) 423-1196
Email: mortetyranni1776@hotmail.com